THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| BEDROCK QUARTZ SURFACES, LLC, <br><br> Plaintiff, <br><br> v. <br><br> ROCK TOPS HOLDINGS LLC dba ROCK TOPS, <br><br> Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART [15] DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS** <br><br> Case No. 2:23-cv-00310 <br><br> District Judge David Barlow |

On May 10, 2023, Bedrock Quartz Surface, LLC ("Bedrock") sued Rock Tops Holdings LLC ("Rock Tops").[1] On September 26, 2023, Rock Tops filed a Motion for Judgment on the Pleadings against Bedrock.[2] For the following reasons, the court grants in part and denies in part the Motion.

**BACKGROUND**

Bedrock has been in the business of marketing and selling customizable countertops, backsplashes, sinks, and faucet fixtures since 2003.[3] Since it has been in business, it has used the name "Bedrock Quartz," and it owns a website found at bedrockquartz.com.[4] Similarly, Rock Tops also "markets and sells countertops, sinks, backsplashes, flooring, and services related to those products."[5] Both businesses operate in and around Salt Lake City, Utah.[6]

---

[1] *See* Compl., ECF No. 1.
[2] Def.'s Mot for Judgment on the Pleadings ("Def.'s Mot."), ECF No. 15.
[3] Compl. ¶¶ 7–8.
[4] *Id.* ¶¶ 9–12.
[5] *Id.* ¶¶ 16–17.
[6] *Id.* ¶¶ 1, 2.

1

According to the Complaint, Rock Tops has been using Google Ads to promote its business.[7] Google Ads allows advertisers to tag their advertisements with particular keywords, so that when a keyword is searched by a consumer, the consumer will see a given advertisement.[8] The advertisement will contain descriptions of the advertised product, along with a URL to the advertiser's website.[9] The Complaint alleges that Rock Tops intentionally used the keyword "bedrock quartz" in its Google Ads, such that its website would appear when the term "bedrock quartz" was searched by customers.[10] For instance, the Complaint alleges that the following search result appears when "Bedrock quartz" is searched on Google:



This Google Ad, Bedrock alleges, has caused confusion among customers and has harmed Bedrock by diverting sales towards Rock Tops.[11]

Thus, Bedrock sued Rock Tops in May 2023, alleging federal unfair competition under 15 U.S.C. § 1125, and trademark infringement, unfair competition, and deceptive trade practices under Utah law.[12] Rock Tops initially filed an Answer, which largely denied Bedrock's

---

[7] *Id.* ¶¶ 21–31.
[8] *Id.* ¶ 18.
[9] *Id.* ¶¶ 19–20.
[10] *Id.* ¶¶ 21–28.
[11] *Id.* ¶¶ 29–30.
[12] *See id.* ¶¶ 32–57.

allegations.[13] Six months later, Rock Tops filed the present Motion for Judgment on the Pleadings.[14] The Motion was fully briefed on November 7, 2023.[15]

## STANDARD

Under Rule 12(c) of the Federal Rules of Civil Procedure, "a party may move for judgment on the pleadings."[16] A similar standard applicable to a Rule 12(b)(6) motion applies to a motion under Rule 12(c),[17] in that courts "'accept all facts pleaded by the non-moving party as true and grant all reasonable inferences from the pleadings' in that party's favor."[18] But more importantly, "[j]udgment on the pleadings is appropriate only when 'the moving party has clearly established that no material issue of fact remains to be resolved and the party is entitled to judgment as a matter of law.'"[19] Notably, under Rule 12(d), "[i]f, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion."[20] District courts have discretion whether to exclude outside matters or to convert the motion to one for summary judgment.[21]

---

[13] *See* Answer, ECF No. 6.
[14] *See* Def.'s Mot.
[15] *See* Opp'n to Def.'s Mot. for J. on the Pleadings ("Pl.'s Opp'n"), ECF No. 16; Reply Mem. Supporting Mot. for J. on the Pleadings ("Def.'s Reply"), ECF No. 17.
[16] Fed. R. Civ. P. 12(c).
[17] *See Myers v. Koopman*, 738 F.3d 1190, 1193 (10th Cir. 2013); *Park Univ. Enters., Inc. v. Am. Cas. Co. of Reading, PA*, 442 F.3d 1239, 1244 (10th Cir. 2006), *abrogated on other grounds by Magnus, Inc. v. Diamond State Ins. Co.*, 545 Fed.Appx. 750, 753 (10th Cir. 2013).
[18] *Sanders v. Mountain Am. Fed. Credit Union*, 689 F.3d 1138, 1141 (10th Cir. 2012) (quoting *Park Univ.*, 442 F.3d at 1244).
[19] *Id.* (quoting *Park Univ.*, 442 F.3d at 1244).
[20] Fed. R. Civ. P. 12(d).
[21] *See Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 861 F.3d 1081, 1103 (10th Cir. 2017) (noting "the district court has broad discretion in determining whether to accept materials beyond the pleadings").

To the extent that Rock Tops seeks dismissal of Bedrock's claims based on Bedrock's failure to allege particular elements of its claims,[22] the standard applicable under Rule 12(b)(6) applies.[23] "To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[24] A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[25]

## DISCUSSION

Rock Tops argues that it is entitled to judgment on the pleadings and that dismissal is appropriate for each of Bedrock's four claims. The court addresses each claim in turn.

### I.     Unfair Competition and False Designation of Origin under 11 U.S.C. § 1125

Bedrock's first claim is for unfair competition or false designation of origin under Section 43 of the Lanham Act, codified at 15 U.S.C. § 1125.[26] Section 43 states:

> Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin . . . which—
>
> (A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person, or
>
> (B) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities or geographic origin of his or her or another person's goods, services, or commercial activities,

---

[22] *See* Def.'s Mot 1, 4, 8, 9, 10.
[23] *See* Fed. R. Civ. P. 12(h)(2) ("Failure to state a claim upon which relief can be granted . . . may be raised . . . (B) by a motion under Rule 12(c).").
[24] *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).
[25] *Id.*
[26] Compl. ¶¶ 32–39.

shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.[27]

Section 43(a), as opposed to Section 32, applies when a mark is unregistered.[28] The elements of a claim under Section 43(a) are: "(1) that the plaintiff has a protectable interest in the mark; (2) that the defendant has used 'an identical or similar mark' in commerce; and (3) that the defendant's use is likely to confuse consumers."[29]

Rock Tops does not challenge the first two elements; rather, Rock Tops argues that judgment on the pleadings is appropriate on this claim because Bedrock did not allege consumer confusion and because its use of the term "bedrock quartz" would be protected by the doctrine of fair use.[30]

### A. Consumer Confusion

Consumer confusion can arise in a variety of ways.[31] One such way is by "initial-interest confusion," which occurs "when a consumer seeks a particular trademark holder's product and instead is lured to the product of a competitor by the competitor's use of the same or a similar mark."[32] This may occur "even if the consumer becomes aware of the defendant's actual identity

---

[27] 15 U.S.C. § 1125.
[28] *Two Pesos, Inc. v. Taco Cabana, Inc.*, 505 U.S. 763, 768 (1992); *see also* 15 U.S.C. § 1114(1) (providing a nearly identical civil action, but requiring trademark registration). In its Complaint, Bedrock styles this claim as a claim under Section 32 of the Lanham Act, but cites 15 U.S.C. § 1125(a) as the relevant codification. Section 1125(a) in the U.S. Code codifies Section 43 of the Lanham Act. Section 32 of the Lanham Act is codified at 15 U.S.C. § 1114. Because Bedrock does not allege it has a registered trademark, the court treats the claim as one under Section 43(a).
[29] *1-800 Contacts, Inc. v. Lens.com, Inc.*, 722 F.3d 1229, 1239 (10th Cir. 2013) (citations omitted). In the event that Bedrock actually meant to bring a claim under Section 32 of the Lanham Act, the elements are "nearly identical, except that the registration of a mark serves as prima facie evidence of both the mark's validity and the registrant's exclusive right to use it in commerce." *Id.* (citations omitted).
[30] Def.'s Mot. 4.
[31] *See 1-800 Contacts*, 722 F.3d at 1239 (detailing direct confusion, reverse confusion, and others).
[32] *Id.* (quoting *Austln. Gold v. Hatfield*, 436 F.3d 1228, 1238 (10th Cir. 2006)).

before purchasing the product."[33] Likelihood of confusion is a question of fact,[34] which the Tenth Circuit resolves through application of six, non-exhaustive, factors: "(a) the degree of similarity between the marks; (b) the intent of the alleged infringer in adopting its mark; (c) evidence of actual confusion; (d) the relation in use and the manner of marketing between the goods or services marketed by the competing parties; (e) the degree of care likely to be exercised by purchasers; and (f) the strength or weakness of the marks."[35] The weight given to each of these factors may vary.[36]

Rock Tops makes only a conclusory argument that Bedrock did not adequately plead the likelihood of confusion element.[37] In reply, it argues that Bedrock "failed to plead facts that support a finding that these factors are present."[38] The court interprets this argument as seeking dismissal under Rule 12(b)(6). Bedrock pleads that Rock Tops purchased Google Ads that use "bedrock quartz" as a keyword; it presents an example of such an advertisement.[39] The advertisement's heading reads: "Bedrock Quartz – Visit our Park City Location."[40] This advertisement could plausibly cause confusion in consumers, as Bedrock alleges,[41] since Rock Tops has used a term that is identical to Bedrock's name. In other words, at least one of the factors courts look to in deciding likelihood of confusion—the degree of similarity between the

---

[33] *Id.*
[34] *John Allan Co. v. Craig Allen Co. LLC*, 540 F.3d 1133, 1138 (10th Cir. 2008); *see also Video Gaming Techs., Inc. v. Castle Hill Studios LLC*, 2018 WL 284991, *6 (N.D. Okla. Jan. 3, 2018); *Health Grades, Inc. v. Robert Wood Johnson Univ. Hosp., Inc.*, 634 F.Supp.2d 1226, 1241 (D. Colo. 2009).
[35] *1-800 Contacts*, 722 F.3d at 1239.
[36] *Id.*
[37] *See* Def.'s Mot. 4 (noting only that "the facts alleged provide no basis for a finding of likelihood of confusion").
[38] Def.'s Reply 6.
[39] Compl. ¶¶ 21–27.
[40] *Id.* ¶ 25.
[41] *See id.* ¶ 29.

marks—suggests that confusion is plausible. Therefore, dismissal of Bedrock's Lanham Act claim is inappropriate on this ground.

### B. Fair Use

Rock Tops' fair use argument is likewise unavailing.[42] Courts distinguish between two different fair use doctrines. The first is established by 15 U.S.C. § 1115(b)(4) and is an affirmative defense, while the second, called "nominative fair use," has been adopted by the Ninth Circuit as a proxy for likelihood of confusion in some cases.[43] The Tenth Circuit has not adopted the "nominative fair use" doctrine. In any event, the nominative fair use doctrine would be inapplicable here, since it applies in situations where the goods and services are identifiable only by reference to their trademark.[44] Section 1115(b)(4) provides an affirmative defense when a party uses a term or device "otherwise than as a mark . . . [and the] term or device . . . is descriptive of and in good faith only to describe the goods or services of such party."[45] Typically, fair use is a fact-intensive defense that should not be decided on the pleadings alone.[46]

Rock Tops asserts that it is "clearly using 'Bedrock quartz' to properly identify and describe the material that [it] is selling, not as a mark meant to identify [Rock Tops] as the

---

[42] Bedrock argues that Rock Tops' failure to plead fair use in its Answer means that the defense is waived. *See* Pl.'s Opp'n 4. However, while Rule 8(c) requires parties to raise all affirmative defenses in their pleadings, the court should generally permit a party to raise an affirmative defense so long as there is adequate notice and an absence of prejudice to the opposing party. *See Creative Consumer Concepts, inc. v. Kreisler*, 563 F.3d 1070, 1076 (10th Cir. 2009). The court finds that Bedrock received adequate notice and opportunity to respond to Rock Tops' argument, and that there is no prejudice in permitting Rock Tops to raise fair use as a defense at this early stage in the litigation, especially when it would likely be permitted to amend its Answer under Rule 15(a)(2).
[43] *See Health Grades*, 634 F.Supp.2d at 1240–41.
[44] *See id.* (outlining nominative fair use). For instance, an example would be "a car repair shop advertising that it fixes Volkswagen cars, even though 'Volkswagen' is a registered trademark." *Id.* at 1239 (citing *Volkswagenwerk Aktiengesellschaft v. Church*, 411 F.2d 350 (9th Cir. 1969)).
[45] 15 U.S.C. § 1115(b)(4).
[46] *Cf. Bell v. Magna Times, LLC*, 2019 WL 1896579, *2 (D. Utah. Apr. 29, 2019) (noting that "[b]ecause fair use is a mixed question of law and fact, it would often be premature to determine fair use at the motion to dismiss stage" (citations omitted)).

source of a good."[47] The court construes this argument as seeking judgment on the pleadings, rather than dismissal. But in order to make its argument, Rock Tops relies on information about bedrock and quartz that is not present in the pleadings.[48] Nothing in the pleadings discusses either "bedrock" or "quartz" other than to refer to the company "Bedrock Quartz." The court cannot consider such information at this stage without converting Rock Tops' Motion into one for summary judgment[49]; this it declines to do, particularly because Rock Tops has not provided citations for its information, nor has it provided exhibits for the court to consider. Therefore, judgment on the pleadings is inappropriate on Bedrock's Lanham Act claim.

## II. Utah's Unfair Competition Act

Bedrock's second claim is for unfair competition under Utah's Unfair Competition Act.[50] The Unfair Competition Act provides that "a person injured by unfair competition may bring a private cause of action against a person who engages in unfair competition."[51]

> "[U]nfair competition" means an intentional business act or practice that:
>
> (i) (A) is unlawful, unfair, or fraudulent; and (B) leads to material diminution in value of intellectual property; and
>
> (ii) is one of the following: (A) malicious cyber activity; (B) infringement of a patent, trademark, or trade name; (C) a software license violation; or (D) predatory hiring practices.[52]

The court interprets Rock Tops to be seeking dismissal of this claim under Rule 12(b)(6).

---

[47] Def.'s Mot. 6.
[48] See id. at 6–7.
[49] See supra notes 20–21 and accompanying text.
[50] See Compl. ¶ 40–45.
[51] Utah Code § 13-5a-103(1)(a).
[52] Id. § 13-5a-102(4)(a).

8

Only a handful of decisions from this court have engaged with the Utah Unfair Competition Act[53]; neither the Utah Supreme Court nor the Utah Court of Appeals has decided a case interpreting the provisions at issue here. Among other things, it is clear that a plaintiff must allege one of the four activities listed in subsection (ii)—here trademark infringement—and a material diminution in the value of intellectual property.[54]

Bedrock has plausibly alleged trademark infringement. The Complaint alleges a protectable interest in "Bedrock Quartz," that Rock Tops began using the same mark in commerce, and that the use of the mark is likely to confuse customers.[55] In addition, the Complaint plausibly alleges that Rock Tops infringed on Bedrock's trademark intentionally and willfully.[56] While the Complaint contains conclusory allegations on this point, taking the well-pleaded facts to be true and drawing reasonable inferences from them, it is plausible that Rock Tops was aware of Bedrock and sought to capitalize on its trademark—given that they operate similar businesses in the same geographic area and given that Bedrock has been in business for 20 years.[57]

However, Bedrock has not plausibly alleged a material diminution in value based on Rock Tops' alleged infringement.[58] All Bedrock alleges is that "[u]pon information and belief,

---

[53] *See, e.g.*, *Klein-Becker usa, LLC v. Home Shopping Network, Inc.*, No. 2:05-cv-00200 PGC, 2005 WL 2265007, *6 (D. Utah Aug. 31, 2005); *BetterBody Foods & Nutrition, LLC v. Oatly AB and Oatly, Inc.*, No. 2:20-cv-00492-DAK, 2020 WL 6710433, *4 (D. Utah Nov. 16, 2020); *Eleutian Tech., Inc. v. Ellucian Co., LP*, No. 2:15-cv-00649, 2017 WL 680393, *10–11 (D. Utah Feb. 21, 2017); *Siskin Enters. V. DFTAR, LLC*, No. 2:20-cv-00304-JNP, 2021 WL 734955, *3 (D. Utah Feb. 25, 2021); *Instructure, Inc. v. Canvas Techs., Inc.*, 2022 WL 43829, *20 (D. Utah Jan. 5, 2022).
[54] *See* Utah Code § 13-5a-102(4)(a); *see also nCAP Licsensing, LLC v. Apple Inc.*, 2019 WL 8137713, *3 (D. Utah June 7, 2019) (holding plaintiff failed to plausibly allege material diminution in value).
[55] *See* Compl. ¶¶ 10–12, 14–15, 21, 24–25, 29; *see supra* Section I.A.
[56] *See* Compl. ¶¶ 28, 42.
[57] *See* Compl. ¶¶ 1, 2, 7, 8, 16, 17.
[58] *See* Compl. ¶ 43.

Rock Tops' misuse of the Bedrock Quartz Trademark has diverted sales of products and services away from Bedrock Quartz, resulting in financial damages as well as damage to the value and goodwill of Bedrock Quartz's trademark."[59] This allegation does not plausibly suggest that Bedrock's trademark suffered a material diminution in value. Therefore, Bedrock has failed to state a claim under the Utah Unfair Competition Act. The court does not address Rock Tops' remaining arguments on this claim.

### III. Deceptive Trade Practices

Bedrock's third claim is for deceptive trade practices under Utah law.[60] Utah Code § 13-11a-4 provides for a cause of action for individuals injured by a deceptive trade practice.[61] A "deceptive trade practice" occurs "when, in the course of a person's business, vocation, or occupation that person: (a) passes off goods or services as those of another; [and] (c) causes likelihood of confusion or of misunderstanding as to affiliation, connection, association with, or certification by another."[62]

Rock Tops argues that nothing in the pleadings demonstrates that it has attempted to pass off its goods as Bedrock's.[63] But that is irrelevant, since Bedrock did not allege a deceptive trade practice under subsection (a), but rather alleged one under subsection (c).[64] And, as discussed

---

[59] Compl. ¶ 30.
[60] Compl. ¶ 46–51.
[61] Utah Code § 13-11a-4(2).
[62] *Id.* § 13-11a-3(1)(c).
[63] Def.'s Mot. 9.
[64] *See* Compl. ¶ 47.

10

above, the pleadings adequately allege a likelihood of confusion.[65] Therefore, dismissal of this claim is inappropriate.[66]

### IV. Utah Trademark Infringement

Bedrock's fourth claim is for trademark infringement under Utah law.[67] Rock Tops argues that "[t]he tests for trademark infringement under federal law and Utah state law are identical, meaning that if a party has not violated another's federal trademark rights . . . that party is not liable for trademark infringement under Utah law."[68] Therefore, it argues that since Bedrock has failed to allege likelihood of confusion, it has failed to state a claim for trademark infringement under Utah law. Assuming the standards are the same,[69] as Rock Tops urges, then dismissal of this claim is inappropriate as well, since the court has found that Bedrock did plausibly allege likelihood of confusion.

---

[65] *See supra* Section I.A. The parties do not distinguish between the likelihood of confusion inquiry under this claim, and the likelihood of confusion inquiry under the Lanham Act, so the court assumes they are the same. *See SME Steel Contractors, Inc. v. Seismic Bracing Co., LLC*, No. 2:17-cv-00702-RJS-DAO, 2023 WL 4463246, *16 (D. Utah July 11, 2023).

[66] And contrary to Rock Tops' argument, *cf.* Def.'s Mot. 9, because the court does not dismiss this claim, attorneys' fees are inappropriate at this time. *See* Utah Code § 13-11a-4(2)(c).

[67] Compl. ¶¶ 52–56.

[68] Def.'s Mot. 10.

[69] *Cf. Rasmussen v. General Growth Props., Inc.*, 2005 WL 3334752, *4 (D. Utah Dec. 7, 2005) (noting that the Tenth Circuit has assumed, without deciding, that the same test applies, and that the court there would do the same).

11

## ORDER

Accordingly, the court GRANTS in part and DENIES in part Rock Tops' Motion for Judgment on the Pleadings. The court dismisses without prejudice Bedrock's claim under the Utah Unfair Competition Act under Rule 12(b)(6). The remainder of Rock Tops' Motion is denied.

Signed December 7, 2023.

BY THE COURT

_____
David Barlow
United States District Judge