THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| BEDROCK QUARTZ SURFACES, LLC,<br><br>Plaintiff,<br><br>v.<br><br>ROCK TOPS HOLDINGS LLC d/b/a ROCK TOPS,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING [40] DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>Case No. 2:23-cv-00310-DBB-CMR<br><br>District Judge David Barlow |

Before the court is Defendant Rock Tops Holdings, LLC's ("Rock Tops") motion for partial summary judgment (the "Motion"), which seeks to dispose of Plaintiff Bedrock Quartz Surfaces, LLC's ("Bedrock") claims for actual damages. For the reasons stated below, the court grants Rock Tops' motion.

## BACKGROUND

Bedrock and Rock Tops are companies that market and sell countertops and related products in Utah.[1] Bedrock alleges that in May 2022, Rock Tops began using Google Ads to market a new location using the term "bedrock quartz."[2] Bedrock alleges that Rock Tops used these Google Ads to mislead customers and cause confusion between the parties.[3] Rock Tops stopped using "bedrock quartz" as a keyword in its Google advertising on November 17, 2022.[4]

---

[1] Declaration of Alan Jorgenson in Support of Bedrock Quartz's Opposition to Defendant's Motion for Summary Judgment ("Jorgensen Dec.") ¶¶ 3–4, ECF No. 30-2, filed April 10, 2024; Declaration of Blair Schmoekel ("Schmoekel Dec.") ¶¶ 2–3, ECF No. 19-1, filed Feb. 5, 2024.
[2] Schmoekel Dec. ¶¶ 3–4.
[3] Complaint ¶ 23, ECF No. 1, filed May 10, 2023.
[4] Email Re Google Ads Lawsuit, ECF No. 52-1, filed Dec. 31, 2024.

Bedrock filed its complaint against Rock Tops on May 10, 2023, bringing claims for unfair competition under federal and Utah state law, deceptive trade practices, and trademark infringement.[5] Rock Tops moved for judgment on the pleadings, arguing that the complaint did not present any disputed facts.[6] The court granted Rock Tops' motion in part, dismissing Bedrock's Utah unfair competition claim but denying the rest of the motion.[7]

On July 28, 2023, Bedrock provided its Initial Disclosures to Rock Tops, which did not provide a specific calculation of damages Bedrock was seeking. Instead, it stated that the "calculation of the amount of damages that should be awarded to Bedrock Quartz can best be performed as more information is obtained through the course of discovery."[8] This calculation would apparently be based on "the extent of Rock Top's infringement, the amount of Rock Tops' profits, a reasonable royalty otherwise owed to Bedrock Quartz, and/or the impact of Rock Tops' infringement on Bedrock Quartz's sales of its products and services sales."[9]

Rock Tops then moved for summary judgment on Bedrock's remaining claims, again arguing that there were no material disputed facts.[10] The court denied the motion because a reasonable jury could disagree on whether Rock Tops' use of the Bedrock mark could cause a likelihood of confusion.[11]

---

[5] Complaint 6–10, ECF No. 1, filed May 10, 2023.
[6] Defendant's Motion for Judgment on the Pleadings, ECF No. 15, filed Sep. 26, 2023.
[7] Memorandum Decision and Order Granting in Part and Denying in Part Defendant's Motion for Judgment on the Pleadings, ECF No. 18, filed Dec. 7, 2023.
[8] Bedrock Quartz Surfaces, LLC's Initial Disclosures 3, ECF No. 40-1, filed Sep. 9, 2024.
[9] *Id.*
[10] Defendant's Motion for Summary Judgment, ECF No. 19, filed Feb. 5, 2024.
[11] Memorandum Decision and Order Denying Defendant's Motion for Summary Judgment, ECF No. 39, filed July 31, 2024.

On September 9, 2024, Rock Tops moved for partial summary judgment. This time, it argues that Bedrock has failed to provide a calculation for damages, so the court should grant it partial summary judgment on the issue of actual damages.[12] Bedrock responds that it "will not request actual damages at trial" and "does not oppose Rock Tops' motion for partial summary judgment on the issue."[13] However, Bedrock does state that it is pursuing "equitable damages or possible statutory damages."[14] The motion was fully briefed on January 21, 2025.[15]

## STANDARD

Under Federal Rule of Civil Procedure 56, summary judgment is proper if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[16] A fact is material if it "might affect the outcome of the suit under the governing law."[17] A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[18]

"The movant bears the initial burden to show the absence of a genuine issue of material fact, and, if successful, the burden then shifts to the nonmovant to set forth specific facts showing that there is a genuine issue for trial."[19] "The movant may carry this burden by showing—that is, pointing out to the district court—that there is an absence of evidence to support the

---

[12] Motion for Partial Summary Judgment ("Mot."), ECF No. 40, filed Sep. 9, 2024.
[13] Bedrock Quartz's Response to Defendant's Motion for Partial Summary Judgment ("Opp.") 2, ECF No. 51, filed Dec. 31, 2024.
[14] *Id.*
[15] Reply in Support of Defendant's Motion for Partial Summary Judgment ("Reply"), ECF No. 55, filed Jan. 21, 2025.
[16] Fed. R. Civ. P. 56(a).
[17] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).
[18] *Id.*
[19] *Tufaro v. Oklahoma ex rel. Bd. of Regents of Univ. of Oklahoma*, 107 F.4th 1121, 1131 (10th Cir. 2024) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 2256 (1986)) (internal quotation marks omitted).

nonmoving party's case."[20] When applying this standard, the court must "view the facts and draw reasonable inferences in the light most favorable to the nonmoving party."[21]

## DISCUSSION

Rock Tops requests partial summary judgment "on the issue of actual damages," arguing that Bedrock has not shown that it suffered actual damages due to Rock Tops' alleged infringement.[22] Bedrock "does not oppose Rock Tops' motion for partial summary judgment on that issue" and states that it will not seek actual damages at trial.[23] Therefore, Rock Tops' motion for summary judgment on actual damages is granted.

However, Bedrock does not concede that it cannot pursue any damages. Bedrock argues in its opposition that it may be awarded equitable damages based on Rock Tops' profits for the period it used the allegedly infringing Google Ad, as well as statutory damages under Utah law.[24] Rock Tops responds that Bedrock should be precluded from asserting statutory or profits-based damages, as it failed to disclose these damages during discovery.[25]

Rock Tops argues in its reply that its Motion sought summary judgment on any damages that Bedrock may assert.[26] However, the Motion repeatedly states that Rock Tops seeks summary judgment on actual damages and generally is argued as such.[27] Rock Tops' motion did not

---

[20] *In re Rumsey Land Co., LLC*, 944 F.3d 1259, 1271 (10th Cir. 2019) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)) (internal quotation marks omitted).
[21] *In re EpiPen (Epinephrine Injection, USP) Mktg., Sales Pracs. & Antitrust Litig.*, 44 F.4th 959, 980 (10th Cir. 2022).
[22] Mot. 2.
[23] Opp. 2, 6.
[24] Opp. 7.
[25] Reply 14.
[26] Reply 3.
[27] *See* Mot. 1 (Rock Tops "moves this Court for partial summary judgment as to actual damages); 5 ("Plaintiff has failed to prove actual damages resulting from consumer confusion"); 13 ("Defendant seeks a ruling that Plaintiff has not established any evidence of actual damages related to their claims").

address equitable or statutory damages, as Bedrock did not introduce these damages until its Opposition. The court declines to address the equitable and statutory damages issue in this posture. However, Rock Tops is granted leave to file a motion addressing those damages.

## ORDER

Rock Tops' Motion for Partial Summary Judgment is GRANTED as to actual damages.[28] It is otherwise DENIED. Rock Tops is granted leave to file a motion addressing Bedrock's equitable and statutory damages.

Signed May 16, 2025.

BY THE COURT

_____
David Barlow
United States District Judge

---

[28] ECF 40.