THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| BEDROCK QUARTZ SURFACES, LLC,<br><br>Plaintiff,<br><br>v.<br><br>ROCK TOPS HOLDINGS LLC d/b/a ROCK TOPS,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING [61] PLAINTIFF'S MOTION TO DISMISS**<br><br>Case No. 2:23-cv-00310-DBB-CMR<br><br>District Judge David Barlow |

Before the court is Plaintiff Bedrock Quartz Surfaces, LLC's ("Bedrock") Voluntary Motion to Dismiss (the "Motion").[1] Alternatively, Bedrock seeks leave to amend its Complaint to simplify the issues for trial.[2] Defendant Rock Tops Holdings, LLC ("Rock Tops") opposes the Motion.[3]

## BACKGROUND

In May 2023, Bedrock filed a Complaint alleging that Rock Tops deceptively used Bedrock's trademarked name in its advertising.[4] The Complaint asserts claims for (1) unfair competition under the Lanham Act, (2) unfair competition under Utah law, (3) deceptive trade practices under Utah law, and (4) trademark infringement under Utah law.[5] After answering,

---

[1] Plaintiff's Motion to Dismiss or Alternatively Amend the Complaint to Simplify the Case ("Voluntary MTD"), ECF No. 61, filed July 29, 2025.
[2] *Id.*
[3] Rock Tops' Response to Plaintiff's Motion to Dismiss ("Opp'n to Voluntary MTD"), ECF No. 67, filed Aug. 18, 2025.
[4] *See* Complaint, ECF No. 1, filed May 10, 2023.
[5] *Id.* at ¶¶ 32–57.

Rock Tops moved for judgment on the pleadings.[6] The court granted Rock Top's motion as to Bedrock's state claim for unfair competition and denied it for the other claims.[7] Rock Tops then moved for summary judgment on Bedrock's remaining claims,[8] which the court denied.[9]

Following its first motion for summary judgment, Rock Tops filed a motion for partial summary judgment on the issue of actual damages.[10] In its response, Bedrock conceded that it would not be seeking actual damages at trial and did not oppose the motion on that issue.[11] Accordingly, the court granted the motion.[12] Rock Tops then moved again for partial summary judgment, this time on the issue of statutory and equitable damages.[13] Bedrock again declined to oppose the motion, stating in its response that it "does not intend to advance a damages claim at trial *and is agreeable to forgoing all damages claims* and asked Rock Tops to allow it to drop those claims."[14] Instead, Bedrock's response directs the court to this concurrently-filed Motion,[15] which states that Bedrock's remaining claims against Rock Tops are "essentially moot" given that Rock Tops has now "ceased business."[16]

---

[6] Defendant's Motion for Judgment on the Pleadings, ECF No. 15, filed Sep. 26, 2023.
[7] Memorandum Decision and Order Granting in Part and Denying in Part Rock Top's Motion for Judgment on the Pleadings ("Judgment on Pleadings Order"), ECF No. 18, entered Dec. 7, 2023.
[8] Defendant's Motion for Summary Judgment, ECF No. 19, filed Feb. 5, 2024.
[9] Memorandum Decision and Order Denying Rock Top's Motion for Summary Judgment ("Summary Judgment Order"), ECF No. 39, entered July 31, 2024.
[10] Defendant's Motion for Partial Summary Judgment ("First PMSJ"), ECF No. 40, filed Sep. 9, 2024.
[11] Plaintiff's Response to Defendant's Motion for Partial Summary Judgment ("Opp'n to First PMSJ"), ECF No. 51, filed Dec. 31, 2024.
[12] Memorandum Decision and Order Granting Rock Top's Motion for Partial Summary Judgment, ECF No. 56, entered May 16, 2025.
[13] Defendant's Second Motion for Partial Summary Judgment ("Second PMSJ"), ECF No. 59, filed July 1, 2025.
[14] Plaintiff's Response to Defendant's Second Motion for Partial Summary Judgment ("Opp'n to Second PMSJ"), ECF No. 62, filed July 29, 2025 (emphasis in original).
[15] *Id.* at 7.
[16] Voluntary MTD 6.

## STANDARD

"Once a defendant files an answer . . . a plaintiff may voluntarily dismiss an action only upon order of the court."[17] The court may require the dismissal to include "terms that the court considers proper."[18] In the absence of "legal prejudice to the defendant," the court should generally grant a plaintiff's motion for voluntary dismissal.[19] Factors relevant to determining legal prejudice include "the opposing party's effort and expense in preparing for trial; excessive delay and lack of diligence on the part of the movant; insufficient explanation of the need for a dismissal; and the present stage of litigation."[20] "Each factor need not be resolved in favor of the moving party for dismissal to be appropriate, nor need each factor be resolved in favor of the opposing party for denial of the motion to be proper."[21] In analyzing legal prejudice, a court "must consider the equities not only facing the defendant, but also those facing the plaintiff."[22]

## DISCUSSION

In the Motion, Bedrock characterizes its claims against Rock Tops as "essentially moot."[23] First, Bedrock states that it is no longer seeking damages against Rock Tops.[24] It did not oppose either of Rock Tops' motions for partial summary judgment on the issue of damages.[25] Furthermore, Bedrock points out that Rock Tops and its affiliates are already in default in other lawsuits for amounts of over $500,000.[26] In light of Rock Tops' financial insolvency, Bedrock

---

[17] *Ohlander v. Larson*, 114 F.3d 1531, 1536–37 (10th Cir. 1997); Fed. R. Civ. P. 41(a)(2).
[18] Fed. R. Civ. P. 41(a)(2).
[19] *Ohlander*, 114 F.3d at 1537.
[20] *Id.* (citing *Phillips U.S.A., Inc. v. Allflex U.S.A., Inc.,* 77 F.3d 354, 358 (10th Cir.1996)).
[21] *Id.*
[22] *Id.*
[23] Voluntary MTD 6.
[24] *Id.*
[25] *See* Opp'n to First PMSJ 2; Opp'n to Second PMSJ 45.
[26] *See* First Default Judgment, ECF No. 61-9, Filed July 29, 2025; Second Default Judgment, ECF No. 61-11, filed July 29, 2025.

attempted to stipulate to the removal of its damages claims prior to Rock Tops filing the second motion for partial summary judgment.[27]

Second, Bedrock states that Rock Tops has now gone out of business,[28] failing to renew its Utah business license[29] and liquidating all its remaining inventory.[30] This eliminates the need for the injunctive relief that Bedrock initially requested in its Complaint[31] because Rock Tops cannot infringe on Bedrock's trademarks or engage in deceptive trade practices now that it has "ceased business."[32] In effect, Bedrock argues that its desired damages are no longer practicable due to Rock Tops' insolvency and that its desired injunctive relief is no longer necessary because a defunct Rock Tops cannot infringe on Bedrock's trademarks.[33]

Rock Tops opposes Bedrock's Motion and argues that it would be prejudiced if the dismissal is permitted.[34] Specifically, Rock Tops argues that it has incurred substantial costs in the litigation[35] and that dismissing without prejudice "would allow Plaintiff to start the litigation process over . . . bringing additional costs to Defendant."[36] Rock Tops also contends that Bedrock only abandoned its damages claims because they were improperly computed and would have been dismissed regardless[37] and that Rock Tops has already "prevailed on the central issues in the case."[38]

---

[27] Voluntary MTD 4–5; Damages Emails, ECF No. 61-5 at 1, filed July 29, 2025.
[28] Voluntary MTD 4.
[29] Delinquent Entity Status, ECF No. 61-7, filed July 29, 2025.
[30] Rock Tops Liquidation Sale Website Printouts, ECF No. 61-6, filed July 29, 2025.
[31] Complaint 9-10.
[32] Voluntary MTD 6.
[33] *See id.* at 6–7.
[34] *See* Opp'n to Voluntary MTD.
[35] *Id*. at 1.
[36] *Id*. at 8.
[37] *Id.* at 2.
[38] *Id.*

4

## I.    Factors Relevant to Legal Prejudice

### A.    Effort and Expense in Preparing for Trial

The first factor that the court should consider is Rock Tops' expense in preparing this case for trial.[39] Rock Tops emphasizes that it has "expended substantial time and resources defending against these claims."[40] Rock Tops has filed an answer,[41] engaged in discovery, filed a motion for judgment on the pleadings,[42] and filed three separate motions for summary judgment[43] since this litigation began over two years ago. Of course, much of this expense was occasioned by Rock Tops' aggressive litigation strategy—like filing multiple dispositive motions containing numerous arguments that lacked merit. Nevertheless, considering the overall effort and expense, this factor weighs slightly in favor of finding legal prejudice.[44]

### B.    Excessive Delay and Lack of Diligence

The second factor considers whether the plaintiff excessively delayed prosecution of the case.[45] Rock Tops states that Bedrock has "failed to prosecute [its claims] diligently" but offers no argument or evidence to support this.[46] The court likewise finds no evidence in the record that Bedrock failed to prosecute its claims or act diligently. If anything, the case's two-year duration is both entirely unexceptional in an intellectual property case and also seems attributable in large

---

[39] *Ohlander*, 114 F.3d at 1537.
[40] Opp'n to Voluntary MTD 1. The court notes that none of the document's pages are numbered.
[41] Answer, ECF No. 6, filed June 5, 2023.
[42] *See* Defendant's Motion for Judgment on the Pleadings.
[43] *See* Defendant's Motion for Summary Judgment; First PMSJ; Second PMSJ.
[44] *See Glob. Fitness Holdings, LLC v. Fed. Recovery Acceptance, Inc.,* No. 2:13-CV-00204-DN, 2015 WL 1467352, at *2 (D. Utah Mar. 30, 2015) (Finding that a defendant's expenses in preparing "several motions for partial summary judgment" created a "valid concern").
[45] *Ohlander*, 114 F.3d at 1537.
[46] Opp'n to Voluntary MTD 1–2.

part to Rock Tops' own multiple motions for judgment on the pleadings and summary judgment.[47] This factor weighs against finding legal prejudice.

### C.    Explanation of the Need for Dismissal

The third factor asks whether a plaintiff has sufficiently explained why dismissal is appropriate.[48] Generally, a plaintiff must show reasons for dismissal beyond just a "perfunctory excuse about extraneous matters."[49] Here, Bedrock explains that it is no longer seeking damages in part because "Rock Tops and its owner" are already in default for over $500,000 owed to other parties.[50] Additionally, Bedrock no longer seeks any injunctions because "Rock Tops has ceased business" and an injunction against it would be "of little benefit" given that it is no longer in a position to infringe on Bedrock's trademarks.[51] These explanations are more than mere "perfunctory excuses," and Rock Tops does not argue that they are insufficient.[52] This factor weighs against finding legal prejudice.

### D.    Present Stage of the Litigation

The fourth factor considers the stage of the litigation when dismissal is requested.[53] Legal prejudice may exist when dismissal is sought in the late stages of litigation[54] or when a defendant's motion for summary judgment is currently pending.[55] In this case, though discovery

---

[47] *See* Defendant's Motion for Judgment on the Pleadings; Defendant's Motion for Summary Judgment; First PMSJ; Second PMSJ.
[48] *Ohlander*, 114 F.3d at 1537.
[49] *Brown v. Baeke*, 413 F.3d 1121, 1125 (10th Cir. 2005).
[50] Voluntary MTD 4–5.
[51] *Id.* at 6.
[52] *See generally* Opp'n to Voluntary MTD.
[53] *Ohlander*, 114 F.3d at 1537.
[54] *Glob. Fitness Holdings, LLC v. Fed. Recovery Acceptance, Inc.,* No. 2:13-CV-00204-DN, 2015 WL 1467352, at *3 (D. Utah Mar. 30, 2015).
[55] *Phillips USA, Inc. v. Allflex USA, Inc*., 77 F.3d 354, 358 (10th Cir. 1996); *see also United States v. Outboard Marine Corp*., 789 F.2d 497, 502 (7th Cir. 1986).

is complete, no pretrial conference has been held, and no trial has been scheduled, so the stage of the litigation is not inherently prejudicial.[56] Rock Tops has not attempted to demonstrate how dismissal at this particular stage of litigation creates prejudice.[57]

Additionally, there is a currently pending partial motion for summary judgment that Rock Tops filed prior to Bedrock's Motion.[58] In *Phillips USA v. Allflex USA*, the Tenth Circuit affirmed a district court ruling that denied the plaintiff's voluntary dismissal when a motion for summary judgment was pending against that plaintiff.[59] The district court found it notable that the plaintiff failed to respond to the pending motion or provide a sufficient independent explanation for its request to dismiss.[60] Ultimately, the Tenth Circuit agreed "that a party should not be permitted to avoid an adverse decision on a dispositive motion by dismissing a claim without prejudice."[61] However, a pending motion for summary judgment does not automatically require denial of a motion for voluntary dismissal.[62] If a plaintiff properly considers the pending motion and gives a sufficient explanation for its request to dismiss, the balance of equities may still weigh in favor of dismissal.[63]

Here, Rock Tops only references its pending motion for summary judgment to argue against allowing Bedrock to amend its Complaint, not to oppose dismissal.[64] Furthermore, unlike

---

[56] *See McCoy v. Whirlpool Corp.*, 204 F.R.D. 471, 474 (D. Kan. 2001) ("Significantly, this is not a situation where . . . the pretrial conference has been held and the case is on the verge of trial.").
[57] *See* Opp'n to Voluntary MTD; *see also Glob. Fitness*, 2015 WL 1467352, at *3 ("Further, [defendant] is again unable to demonstrate how the stage of litigation creates prejudice.").
[58] Second PMSJ.
[59] *Phillips*, 77 F.3d at 358.
[60] *Id.*
[61] *Id.*
[62] *See Brown v. Baeke*, 413 F.3d 1121, 1125–26 (10th Cir. 2005).
[63] *Id.*
[64] Opp'n to Voluntary MTD 9.

in *Phillips* where the pending motion would have disposed of the plaintiff's entire case,[65] Rock

Tops' pending motion only addresses the relief sought rather than the substantive trademark

infringement issues at the center of Bedrock's claim.[66] Bedrock acknowledges the pending

motion for partial summary judgment in its own Motion[67] and has responded that it would not

oppose the pending motion.[68] It argues that the entire case is essentially moot despite the pending

motion because Rock Tops cannot pay any damages that might be awarded and because

additional adjudication of trademark infringement and injunctive relief is unnecessary.[69]

Considering all these arguments, this factor weighs only slightly in favor finding legal prejudice.

### E.    Other Relevant Factors

When analyzing legal prejudice, a court must also weigh any other relevant factors in

addition to the ones discussed above.[70] It is worth noting that much of the prejudice associated

with factors like expense in preparing for trial and the stage of the litigation comes from

concerns regarding duplicative expenses if the case is refiled after dismissal without prejudice.[71]

Additionally, one of Rock Tops' principal arguments for prejudice is that Bedrock could later

"reinitiate the same lawsuit" and unfairly have a "second bite at the apple."[72] But the second bite

---

[65] *Phillips*, 77 F.3d at 357.
[66] *See* Second PMSJ.
[67] Voluntary MTD 5.
[68] Opp'n to Second PMSJ 6–7.
[69] *See* Voluntary MTD 4–6.
[70] *Ohlander v. Larson*, 114 F.3d 1531, 1537 (10th Cir. 1997).
[71] *See Brown v. Baeke*, 413 F.3d 1121, 1126 (10th Cir. 2005) (Finding that defendant's "effort and expense" did not warrant denial when the parties could "use [the existing] discovery in the new case"); *Mitchell v. Roberts*, No. 2:16-CV-00843-DAO, 2021 WL 1624100, at *3 (D. Utah Mar. 26, 2021), aff'd, 43 F.4th 1074 (10th Cir. 2022) (Finding the expense factor to be neutral when "[a]ny future action would not require duplication of efforts already undertaken" in the case); *McCoy v. Whirlpool Corp.*, 204 F.R.D. 471, 474 (D. Kan. 2001) (Finding that the stage of the litigation favored dismissal even after completing discovery because "all of the discovery may be used in a subsequent case").
[72] Opp'n to Voluntary MTD 2, 8.

at the apple analogy is not apt. Rock Tops does not address the usability of the discovery here in any hypothetical new suit, nor does it discuss issue preclusion from the court's prior rulings. It is not apparent that any refiled suit would replow any ground at all. Moreover, Bedrock has expressly stated on the record that "it does not intend to pursue its claims against Rock Tops as a defunct entity no longer engaging in the trademark infringement that precipitated the case."[73] Bedrock's explanation that any further action would be futile due to Rock Tops' cessation of business and insolvency[74] further supports its assertion that "[t]here is no plausible risk of a re-filed suit" in this case.[75] Even if Bedrock had not stated its intentions to cease pursuing this action, Rock Tops' argument that it would be prejudiced by a later suit is unpersuasive. Tenth Circuit caselaw is clear that "[p]rejudice does not automatically result to defendant from the filing of a second lawsuit."[76]

Additionally, the court finds it relevant that the parties' disputes over substantive issues relating to the claims have largely come out in Bedrock's favor. In its opposition to Bedrock's Motion, Rock Tops argues that it "has already prevailed on the central issues in the case."[77] Not so. As previously discussed, Rock Tops filed a motion for judgment on the pleadings that was denied as to three of Bedrock's four claims.[78] This court then denied Rock Tops' subsequent motion for summary judgment on those same claims, finding that four of the six "likelihood of confusion" factors for trademark infringement favored Bedrock and that the issue was best left

---

[73] Reply to Voluntary MTD 2, ECF No. 68, filed Aug. 19, 2025.
[74] Voluntary MTD 6.
[75] Reply to Voluntary MTD 2.
[76] *Am. Nat. Bank & Tr. Co. of Sapulpa v. Bic Corp.*, 931 F.2d 1411, 1412 (10th Cir. 1991); *see also Brown v. Baeke,* 413 F.3d 1121, 1123 (10th Cir. 2005) ("Prejudice does not arise simply because a second action has been or may be filed against the defendant, which is often the whole point in dismissing a case without prejudice.").
[77] Opp'n to Voluntary MTD 2.
[78] Judgment on Pleadings Order 12.

for a jury.[79] Though Rock Tops has since filed two motions for partial summary judgment on the issue of damages that Bedrock did not oppose,[80] the central issue in the case—whether Rock Tops infringed on Bedrock's trademark—is still very much alive.

Although some factors weigh toward finding legal prejudice, the overall balance of the equities favors allowing dismissal. Bedrock has satisfactorily explained that additional litigation would be unnecessarily costly and likely pointless given that the allegedly infringing behavior is now essentially moot. Furthermore, any prejudice that Rock Tops faces from having expended resources to defend this case is lessened by Bedrock's assurance that it will not refile, minimizing the danger of duplicative costs.

## II.    Prevailing Party

In its Opposition, Rock Tops asserts that it "has already prevailed on the central issues in the case" and "is entitled to be prevailing party regardless of 'whether dismissal is with or without prejudice.'"[81] Rock Tops is mistaken. It relies on *Golden v. Mentor Capital, Inc.*, which states that "a defendant is a prevailing party under Rule 54 when, in circumstances not involving settlement, the plaintiff dismisses its case against the defendant, whether the dismissal is with or without prejudice."[82] However, *Golden* also explains that a defendant is not necessarily the prevailing party when the plaintiff dismisses its claims because it has already "received the relief

---

[79] Summary Judgment Order 16.
[80] *See* First PMSJ; Opp'n to First PMSJ; Second PMSJ; Opp'n to Second PMSJ.
[81] Opp'n to Voluntary MTD 2, 8 (quoting *Golden v. Mentor Cap., Inc*., No. 2:15-CV-00176-JNP, 2018 WL 566441, at *1 (D. Utah Jan. 25, 2018)).
[82] *Golden*, 2018 WL 566441 at *1 (quoting *AeroTech, Inc. v. Estes*, 110 F.3d 1523, 1527–28 (10th Cir. 1997)).

sought under [its] claims."[83] There, the defendant directly paid the plaintiff what was requested in the complaint outside of a formal settlement agreement.[84]

Bedrock argues that it is dismissing the case because it already essentially received the injunctive relief it sought.[85] Because it is defunct, Rock Tops can no longer infringe on Bedrock's trademark, so further injunctive relief is unnecessary even if Bedrock's claims are meritorious. Although the answer here is not as clear-cut as it was in *Golden*,[86] the facts point to Bedrock dismissing its claims in large part because it effectively has already received the relief it sought. In any event, Rock Tops cites no cases, binding or otherwise, where the defendant was defunct and therefore could no longer infringe. Thus, despite Bedrock's voluntary dismissal, Rock Tops is not entitled to be the prevailing party in this scenario.[87]

In sum, requiring the only potentially aggrieved party, Bedrock, to continue to spend time and resources pursuing its trademark claim against an entity which can provide no relief is both inefficient and not in the interests of justice. Overall, the relevant factors support the motion to dismiss. And the particular record in this case reinforces the propriety of voluntary dismissal and the avoidance of further litigation for litigation's sake or in the pursuit of attorneys' fees that are not warranted.[88]

---

[83] *Id.*
[84] *Id.*
[85] Reply to Voluntary MTD 2–3.
[86] *See Golden*, 2018 WL 566441 at *1.
[87] *See id.* at *1 ("Requiring the parties to enter into a formal settlement agreement to avoid the rule that a defendant is a prevailing party when the plaintiff dismisses a case against the defendant would produce an absurd result: [Defendant] would be declared the prevailing party despite the fact that it gave Plaintiffs the relief they requested.").
[88] Indeed, this seems to be a driving factor for Rock Tops' opposition as it suggests Bedrock Quartz "allow Defendant to be recognized as the prevailing party." Opp'n to Voluntary MTD 9.

**ORDER**

The court GRANTS Plaintiff's [61] Motion to Dismiss. The clerk of court is directed to

close the case.

Signed September 23, 2025.

BY THE COURT

_____

David Barlow
United States District Judge